IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LATOYA K. PORTER, § § Plaintiff, § § v. § § CITY OF DALLAS AND § DALLAS POLICE DEPARTMENT, § § Defendants. § § § | Civil Action No.: _____ |

### DEFENDANT CITY OF DALLAS'S NOTICE OF REMOVAL

The City of Dallas (the "City) is the defendant in a civil action brought on October 25, 2019, in the 14th Judicial District Court, Dallas County, Texas. The undersigned counsel also represents the Dallas Police Department, although a non-jural entity, a named defendant in this suit. Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, the City hereby removes this case to the United States District Court for the Northern District of Texas, Dallas Division, which is the judicial district and division in which the action is pending. In support thereof, the City respectfully presents the following:

**I.   Background**

This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction because it arises under the laws of the United States within the meaning of 28 U.S.C. §1331. Specifically, Plaintiff LaToya K. Porter ("Plaintiff") seeks relief for alleged violations of the First Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e), Civil Rights Act of 1961 (42 U.S.C. §1981), and the Whistleblower Protection Act (5 U.S.C. §1201 et seq).

This Notice of Removal is timely under 28 U.S.C. §1446(b)(3) because it is filed within 30 days of the City's receipt of Plaintiff's Answer to Interrogatories, in which Plaintiff, for the first time, seeks redress and protection for perceived violations of her federally protected rights under the First Amendment of the United States Constitution, 42 U.S.C. §2000e, 42 U.S.C. §1981, and 5 U.S.C. §1201 et seq.  The City received a copy of Plaintiff's Answer to Interrogatories on April 7, 2020.

## II.   Documents Submitted with this Notice of Removal

Pursuant to 28 U.S.C. §1446(a) and N.D. Tex. Loc. R. 81.1(a)(4), the following documents are attached to this Notice of Removal:

    A.    Attached hereto as Exhibit A is an index of documents, which identifies each document and indicates the date the document was filed in the state court;

    B.    Attached hereto as Exhibit B is a true and correct copy of the docket sheet in the state court action;

    C.    Attached hereto as Exhibits C-1 – C-24 are true and correct copies of documents filed in the state court action;

    D.    Attached hereto as Exhibit D is a separately signed Certificate of Interested Persons pursuant to N.D. Tex. Loc. R. 81.1(a)(4)(D);

    E.    Attached hereto as Exhibit E is a true and correct copy of City of Dallas's First Set of Interrogatories to Plaintiff LaToya K. Porter, dated March 3, 2020;

    F.    Attached hereto as Exhibits F-1 and F-2 are true and correct copies of Plaintiff's Answer to Interrogatories, pp. 1 and 2, undated;

      G.      Attached hereto as Exhibit G is a true and correct copy of electronic service notification of Plaintiff's Answer to Interrogatories, dated April 7, 2020.

### III. Argument and Authorities

#### A. Jurisdiction

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States …" 28 U.S.C. §1441(a). Accordingly, a defendant may generally remove any action filed against them in a state court, provided the federal court has original jurisdiction over the action. *See id.*; *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998).

The United States District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331; *see, e.g., Arena v. Graybar Elec. Co.*, 669 F.3d 214, 219 (5th Cir. 2012) ("Federal question jurisdiction arises when a plaintiff [] set[s] forth allegations founded on a claim or right arising under the Constitution, treaties or laws of the United States") (modifications in original) (internal quotations omitted).

The City is entitled to remove this instant action to federal court because Plaintiff asserts claims under the First Amendment of the United States Constitution, 42 U.S.C. §2000e, 42 U.S.C. §1981, and 5 U.S.C. §1201 et seq. Thus, under 28 U.S.C. §1331, this case is removable without regard to the citizenship of the parties or the amount in controversy.

The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 42 U.S.C. §1367(a). "Section 1367 grants supplemental jurisdiction over [state] claims that do not

independently come within the jurisdiction of the district court but form part of the same Article III case or controversy." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010) (modifications in original) (internal quotations omitted).  In the instant suit, Plaintiff presents the same set of operative facts to support all of her claims.  *See* Exhibit C-1, Plaintiff's Original Petition.  Moreover, Plaintiff, in her recent answers to interrogatories, alleges the City violated both federal law and their state law counterparts, in her assertion that the City discriminated against Plaintiff on the basis of her race, color, gender, and age, and that the City allegedly retaliated against her.  *See* Exhibits F-1 and F-2, Plaintiff's Answer to Interrogatories.  Therefore, the Court has supplemental jurisdiction over Plaintiff's state law claims.

    B.    **Timeliness**

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  Plaintiff's original petition was vague and ambiguous, and did not provide the City with notice of either the state or federal laws under which Plaintiff seeks relief.  *See* Exhibit C-1, Plaintiff's Original Petition.  Based on the Plaintiff's Original Petition, the City had no grounds to believe that this suit was removable at that time.

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of […] other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).  On January 2, 2020, the City filed Defendant City of Dallas's Supplemental Special Exceptions to Plaintiff's Original Petition, seeking, among other things, clarity regarding the legal bases of Plaintiff's claims, asking the court to order

Plaintiff to specify if she brings her discrimination and retaliation claims under state or federal law, or both.  *See* Exhibit C-10, specifically, Special Exceptions I and III.  Without those specifics, the City did not have cause to remove the case to federal court.  On February 20, 2020, Judge Eric Moyé sustained in part and overruled in part the City's special exceptions, ordering Plaintiff to amend her petition, but overruling Special Exceptions I and III, declining to order Plaintiff to plead if her discrimination and retaliation claims were brought pursuant to state or federal law, or both.  *See* Exhibit C-22, Order on Defendant City of Dallas's Supplemental Special Exceptions to Plaintiff's Original Petition.  On March 3, 2020, the City served its first set of interrogatories, continuing its effort to determine the legal bases for Plaintiff's discrimination and retaliation claims, and asking that Plaintiff identify the state and/or federal laws under which she brings these claims. *See* Exhibit E, Defendant City of Dallas's First Set of Interrogatories to Plaintiff LaToya K. Porter.  On March 13, 2020, Plaintiff filed Plaintiff's First Amended Original Petition, which still failed to identify the legal bases for Plaintiff's discrimination and retaliation claims.  *See* Exhibit C-24.  On April 7, 2020, the City received Plaintiff's response to the City's First Set of Interrogatories, which, for the first time, identified that she brings some of her claims under federal law.  *See* Exhibits F-1, F-2, and G; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) ("Clearly the answer to interrogatories which triggered the filing of the notice of removal in this case is such an 'other paper.'")  It was only after receiving Plaintiff's interrogatory responses that the case became removable.  Therefore, the City promptly began the process of removing this suit to federal court.

      C.    **Venue**

In cases removed from state to federal court, the case is to be removed to "the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. §1441.  Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because this district and division embrace the 14th Judicial District Court of Dallas County, Texas, the forum in which this action was pending.

### D. Notice

Simultaneously with the filing of this Notice of Removal, the City is filing a copy of this Notice of Removal with the clerk of the 14th Judicial District Court of Dallas County, Texas.

### CONCLUSION

The City respectfully removes this case from the 14th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

 */s/ Lyudmyla Chuba*
Lyudmyla Chuba
Senior Assistant City Attorney
Texas State Bar No. 24081283
lyudmyla.chuba@dallascityhall.com

Jennifer A. Brissette
Senior Assistant City Attorney
Texas State Bar No. 24045553
jennifer.brissette@dallascityhall.com

Jennifer Carter Huggard
Executive Assistant City Attorney
Texas State Bar No. 00792998
jennifer.huggard@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: (214) 670-3519
Facsimile: (214) 670-0622

**ATTORNEYS FOR DEFENDANT
CITY OF DALLAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                        */s/ Lyudmyla Chuba*
                                        Lyudmyla Chuba