FILED
DALLAS COUNTY
11/22/2019 4:59 PM
FELICIA PITRE
DISTRICT CLERK
Kellie Juricek

CAUSE NO. DC-19-17257

| | | |
|---|---|---|
| LATOYA K. PORTER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| CITY OF DALLAS, | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| CHIEF OF POLICE ULISHA | § | |
| RENEE HALL, AND MAJOR OF | § | |
| POLICE MICHAEL IGO | § | |
| Defendants. | § | 14TH JUDICIAL DISTRICT |

### DEFENDANTS CITY OF DALLAS, DALLAS POLICE DEPARTMENT, AND MAJOR MICHAEL IGO'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER, AND VERIFIED DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants City of Dallas ("the City"), Dallas Police Department ("DPD"), and Major Michael Igo ("Major Igo"), and file these Special Exceptions, Original Answer, and DPD's Verified Denial to Plaintiff's Original Petition (the "Petition") and respectfully show the Court as follows:

#### I. SPECIAL EXCEPTIONS

Defendant DPD specially excepts and would show, under oath, that there is a defect in parties herein for the reason that Plaintiff has improperly named and sued, DPD, which is a department of the City. Defendant DPD shows that it has no independent legal status or capacity to sue or be sued. By virtue of Rule 33 of the Texas Rules of Civil Procedure and § 1 of Chapter I and § 1(2) of Chapter II of the Charter of the City of Dallas, the City invokes its right to be sued in its corporate name. In connection with this special exception, Defendant DPD respectfully

requests that the Court enter an order sustaining it and that Plaintiff be ordered to replead her causes of action within a reasonable time to remove her allegations against DPD and to allege her claims against the City, instead of against a department of the City, or that Plaintiff's pleadings herein be considered a nullity and be stricken.

## II. GENERAL DENIAL

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, allegations in the Petition, and demand strict proof thereof, by a preponderance of the credible evidence.

## III. DEFENSES

Defendants affirmatively plead the following defenses and reserve the right to plead additional affirmative defenses, which may become apparent during discovery in this case:

1. The City invokes the defense of governmental immunity. The City is a municipal corporation organized and existing as a political subdivision and a unit of government of the State of Texas, and it is also a home rule city under the home rule amendment of the Constitution of the State of Texas and Tex. Rev. Stat. Ann. art. 1175.2. The City affirmatively pleads that its governmental immunity for the negligent acts or omissions of its police officers, agents, and employees acting in the course and scope of their employment is waived as to the Plaintiffs' purported state law claims only to the extent set forth in the Texas Tort Claims Act.

2. The City pleads that it cannot be liable to Plaintiff as a matter of law to the extent her claims are based on alleged intentional torts, including claims for intentional infliction of emotional distress, for which the City is immune from suit under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.057(2).

3. The City is entitled to governmental immunity on Plaintiffs' state law tort claims,

including Plaintiffs' claims for negligence and business disparagement.

4.     The City asserts that a waiver of immunity applies only to claims based upon the wrongful act or omission or the negligence of an employee acting within the scope of his or her employment where the employee would be personally liable to the claimant according to Texas law. In this regard, The City would show that the employee of whose actions Plaintiff complains in the Petition is or would be immune from liability to Plaintiff in this action by virtue of the doctrine of "official" or "qualified" immunity since he was performing a discretionary function within the scope of his employment and acting in good faith at all times relevant hereto.

5.     Major Igo affirmatively asserts that he is entitled to qualified immunity in this action by reason of the fact that he was performing a discretionary function within the course and scope of his employment and acting in good faith at all times relevant hereto. Major Igo would also affirmatively claim each and every other immunity to which he is entitled by virtue of his status as an official, employee, and/or agent of the City acting within the course and scope of his employment.

6.     To the extent that Plaintiff's causes of action fall outside the applicable statute of limitations, Defendants affirmatively plead statute of limitations.

7.     Defendants affirmatively plead that to the extent Plaintiff has failed to exhaust all administrative remedies, she has failed to meet the prerequisites and conditions precedent for filing this civil action.

8.     Defendants affirmatively plead that they are not liable to the extent Plaintiff has failed to mitigate her damages.

9.     The City affirmatively pleads that punitive and exemplary damages are not recoverable against a municipality under state law. The City affirmatively pleads that in the

unlikely event Plaintiff can prove punitive and exemplary damages against the City, then Plaintiff's monetary recovery would be governed by the limits set forth by Texas Labor Code, Section 21.2585, and Texas Civil Practice and Remedies Code, Section 41.001, *et seq.*

10. In the unlikely event of a liability finding against it, the City pleads alternatively that it is entitled to the applicable limits and exclusions of damages outlined in Texas Labor Code, Section 21.2585, and hereby notifies Plaintiff of its intent to assert the statutory damage limitation and exclusions.

11. The City would have made the same employment decisions concerning Plaintiff even in the absence of any alleged unlawful motivating factor.

12. The City made all employment decisions concerning Plaintiff for legitimate, non-discriminatory and non-retaliatory reasons.

### IV.   JURY DEMAND

13. The City demands a jury as to all claims and issues that may be decided by a jury.

### V. VERIFIED DENIAL

Defendant DPD denies that it is liable in the capacity in which it has been sued because it is a department of the City of Dallas, which is also a named Defendant in this case. Defendant DPD denies that it is a correct party to this lawsuit. Defendant DPD asserts that there is a defect of parties.

WHEREFORE, Defendants respectfully ask that this Court sustain DPD's special exceptions, dismiss Plaintiff's claims against DPD, deny all relief sought by Plaintiff and order that Plaintiff take nothing by this suit, and grant Defendants all other relief, general or special, at law or in equity, as to which Defendants may be entitled.

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Lyudmyla Chuba, who being by me duly sworn upon her oath deposed and said that she is duly qualified and authorized in all respects to make this affidavit, that she has read the Verified Denial in Paragraph V of this pleading, and that every statement contained therein is within her personal knowledge, and is true and correct.

_____
LYUDMYLA CHUBA

SUBSCRIBED AND SWORN TO BEFORE ME on this the 22nd day of November, 2019, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

C. GRACE AMAEFULA
Notary Public, State of Texas
Comm. Expires 06-16-2021
Notary ID 131176341

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim Dallas City Attorney

*/s/ Lyudmyla Chuba*
LYUDMYLA CHUBA
Senior Assistant City Attorney
State Bar No. 24081283
lyudmyla.chuba@dallascityhall.com

JENNIFER BRISSETTE
Senior Assistant City Attorney
Texas State Bar No. 24045553
jennifer.brissette@dallascityhall.com

JENNIFER CARTER HUGGARD
Executive Assistant City Attorney
Texas State Bar No. 00792998
jennifer.huggard@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: (214) 670-3519
Facsimile: (214) 670-0622

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, a true and correct copy of the foregoing document was served on John W. Bickel, II, Plaintiff's attorney, via e-service in accordance with the provisions of Rule 21a, Texas Rules of Civil Procedure:

Via e-service: jwbickel@gmail.com

/s/ Lyudmyla Chuba
LYUDMYLA CHUBA