FILED
DALLAS COUNTY
1/2/2020 5:22 PM
FELICIA PITRE
DISTRICT CLERK

Loaidi Grove

Case 3:20-cv-00999-G   Document 1-12   Filed 04/22/20   Page 1 of 6   PageID 81

CAUSE NO. DC-19-17257

| | | |
|---|---|---|
| **LATOYA K. PORTER,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |
| **CITY OF DALLAS,** | § | |
| **DALLAS POLICE DEPARTMENT,** | § | |
| **CHIEF OF POLICE ULISHA** | § | |
| **RENEE HALL, AND MAJOR OF** | § | |
| **POLICE MICHAEL IGO** | § | |
| | § | |
| **Defendants.** | § | **14TH JUDICIAL DISTRICT** |

## DEFENDANT CITY OF DALLAS'S SUPPLEMENTAL SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant City of Dallas ("Defendant" or the "City") pursuant to Texas Rule of Civil Procedure 91, and files its Supplemental Special Exceptions to Plaintiff's Original Petition ("Petition"). In support thereof, the City respectfully shows the Court as follows:

### I.

Defendant specially excepts to paragraphs 90, 91, and 94 of the Petition, wherein Plaintiff LaToya Porter ("Plaintiff") alleges that she was discriminated against and discharged due to her race, color, gender, and age, because Plaintiff's assertions are vague and ambiguous and do not provide Defendant with fair notice of the state and/or federal laws under which Plaintiff seeks relief. Accordingly, Defendant requests that the Court enter an order sustaining this special exception, requiring Plaintiff to specify the law(s) forming the basis for her discrimination and wrongful discharge claims, and striking these claims if Plaintiff fails to replead as ordered within ten days.

## II.

Defendant specially excepts to paragraphs 92, 93, and 104 of the Petition, wherein Plaintiff alleges that Defendant committed "abuse of process," because Plaintiff's assertions are vague and ambiguous and do not provide Defendant with fair notice of the state and/or federal laws under which Plaintiff seeks relief. Accordingly, Defendant requests that the Court enter an order sustaining this special exception, requiring Plaintiff to specify the law(s) forming the basis for her abuse of process claims, and striking these claims if Plaintiff fails to replead as ordered within ten days.

## III.

Defendant specially excepts to paragraphs 91, 97, 98, and 101 of the Petition, wherein Plaintiff alleges that Defendant retaliated against her for reporting purported misconduct by several public employees, because Plaintiff's assertions are vague and ambiguous and do not provide Defendant with fair notice of the state and/or federal laws under which Plaintiff seeks relief. Accordingly, Defendant requests that the Court enter an order sustaining this special exception, requiring Plaintiff to specify the law(s) forming the basis for her whistleblower retaliation claims, and striking these claims if Plaintiff fails to replead as ordered within ten days.

## IV.

Defendant specially excepts to paragraphs 106 through 109 of the Petition, wherein Plaintiff attempts to assert a claim for intentional infliction of emotional distress, because those allegations do not fall within the limited waiver of immunity set forth under the Texas Tort Claims Act ("the Act"). *See* Tex. Civ. Prac. & Rem. Code § 101.001 *et seq.* The Act's limited waiver of immunity only applies to claims for negligence involving the use or operation of motor-driven vehicles or motor-driven equipment and the condition or use of tangible personal or real property.

Accordingly, Defendant requests that the Court enter an order sustaining this special exception, requiring Plaintiff to amend her pleading to assert specific facts that waive Defendant's governmental immunity, and striking Plaintiff's intentional infliction of emotional distress claim if she fails to replead as ordered within ten days.

## V.

Defendant specially excepts to paragraphs 110 through 113 of the Petition, wherein Plaintiff attempts to assert a claim for negligence, because those allegations do not fall within the limited waiver of immunity set forth under the Act. The Act's limited waiver of immunity only applies to claims for negligence involving the use or operation of motor-driven vehicles or motor-driven equipment and the condition or use of tangible personal or real property. Accordingly, Defendant requests that the Court enter an order sustaining this special exception, requiring Plaintiff to amend her pleading to assert specific facts that waive Defendant's governmental immunity, and striking Plaintiff's negligence claim if she fails to replead as ordered within ten days.

## VI.

Defendant specially excepts to paragraphs 114 through 116 of the Petition, wherein Plaintiff attempts to assert a claim for business disparagement, because those allegations do not fall within the limited waiver of immunity set forth under the Act. The Act's limited waiver of immunity only applies to claims for negligence involving the use or operation of motor-driven vehicles or motor-driven equipment and the condition or use of tangible personal or real property. Accordingly, Defendant requests that the Court enter an order sustaining this special exception, requiring Plaintiff to amend her pleading to assert specific facts that waive Defendant's

governmental immunity, and striking Plaintiff's business disparagement claim if she fails to replead as ordered within ten days.

## VII.

Defendant specially excepts to paragraph 117 of the Petition because Plaintiff fails to specify the maximum amount of damages she is seeking in this case and because Plaintiff fails to specify the statute(s) entitling her to recover attorney's fees. *See* Tex. R. Civ. P. 47. Accordingly, Defendant requests that the Court enter an order sustaining this special exception, requiring Plaintiff to specify the maximum amount of damages she is claiming in this lawsuit and the statute(s) entitling her to recover attorney's fees, and striking Plaintiff's claims if she fails to replead as ordered within ten days.

## CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth in the foregoing special exceptions, the City respectfully requests that the Court enter an order: (1) sustaining each of the foregoing special exceptions; (2) requiring Plaintiff to amend her Petition to cure all defects specified above within ten days; and (3) providing that if Plaintiff fails or refuses to cure the defects specified above within ten days, Plaintiff's claims specially excepted to will be dismissed with prejudice.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Chris Caso
Interim City Attorney

*/s/ Lyudmyla Chuba*
Lyudmyla Chuba
Senior Assistant City Attorney
Texas State Bar No. 24081283
lyudmyla.chuba@dallascityhall.com

Jennifer A. Brissette
Senior Assistant City Attorney
Texas State Bar No. 24045553
jennifer.brissette@dallascityhall.com

Jennifer Carter Huggard
Executive Assistant City Attorney
Texas State Bar No. 00792998
jennifer.huggard@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: (214) 671-9483
Facsimile: (214) 670-0622

**ATTORNEYS FOR DEFENDANT
CITY OF DALLAS**

## CERTIFICATE OF CONFERENCE

Counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in Defendant City of Dallas's Supplemental Special Exceptions to Plaintiff's Original Petition and despite best efforts the counsel have not been able to resolve those matters presented.

Certified to on the 2nd day of January, 2019.


*/s/ Lyudmyla Chuba*
Lyudmyla Chuba



## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2020, a true and correct copy of the foregoing document was served on Plaintiff's attorney, John W. Bickel, II, via e-service in accordance with the provisions of Rule 21a, Texas Rules of Civil Procedure.


*/s/ Lyudmyla Chuba*
Lyudmyla Chuba