UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATOYA K. PORTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0999-B |
| | § | |
| CITY OF DALLAS and DALLAS POLICE DEPARTMENT, | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff LaToya K. Porter's Motion to Remand and Request for Attorney's Fees and Costs (Doc. 5). For the reasons that follow, the motion is **DENIED**.

## I.

## INTRODUCTION

On October 25, 2019, Plaintiff filed her Original Petition in the 14th Judicial District Court, Dallas County, Texas. *See* Doc. 1-3, Original Pet. In the Petition, Plaintiff alleges wrongful termination, retaliation, abuse of process, intentional infliction of emotional distress, negligence, and business disparagement against the City of Dallas and Dallas Police Department, and two individuals within the Dallas Police Department.[1] *Id.* at 19–22.

---

[1] The state court previously dismissed the individual defendants from the lawsuit. *See* Doc. 1-22, Order, 1.

-1-

On April 22, 2020, Defendants removed the case from state court to the United States District Court for the Northern District of Texas based on federal question jurisdiction. *See* Doc. 1, Notice of Removal, 3–4.

On June 11, 2020, Plaintiff filed a Motion to Remand and Request for Attorney's Fees and Costs (Doc. 5). All briefing has been filed, and the motion is ripe for review.

## II.

## LEGAL STANDARD

A defendant may remove a state civil action to federal court if the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, in order for the removal to be proper, "[t]he notice of a removal . . . shall be filed within 30 days after receipt by the defendant of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b). However, if the case was not removable based on the initial pleading, removal must be made thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). Importantly, a motion to remand based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c).

## III.

## ANALYSIS

Plaintiff seeks to remand this case because "the defendant failed to file notice of removal within 30 days [presumably from when the state court action was filed]." Doc. 5, Pl.'s Mot., 1. In

other words, Plaintiff seeks to remand this case based not on a defect in subject matter jurisdiction, but a procedural defect in the defendant's removal.

However, Defendants removed this case on April 22, 2020. *See* Doc. 1, Notice of Removal. Plaintiff's motion was filed on June 11, 2020, *see* Doc. 5, Pl.'s Mot., which is well over thirty days after Defendants removed the case. Therefore, even if Plaintiff's motion had merit,[2] the Court could not remand the case. *See F.D.I.C. v. Loyd*, 955 F.2d 316, 322 (explaining that § 1447(c) "preclud[es] all remands for procedural defects after the expiration of the thirty-day remand period"). Therefore, Plaintiff's Motion to Remand is **DENIED**.[3]

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand and Request for Attorney's Fees and Costs (Doc. 5) is **DENIED**.

**SO ORDERED.**

**SIGNED: July 22, 2020.**

---

[2] The Court will not go into the merits of Plaintiff's arguments, though the Court notes that Defendants claim that they first learned of the case's ability to be removed on April 7, 2020, when "Plaintiff's responses to the City's First Set of Interrogatories . . . for the first time, identified claims" arising under federal question jurisdiction. *See* Doc. 6, Def.'s Resp., 2. Defendants then removed the case fifteen days later. *See* Doc. 1, Notice of Removal. And the Fifth Circuit has held that "the answer to [an] interrogatory" constitutes an "other paper" under § 1446(b)(3) that can be the basis for removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

[3] Because the underlying motion is denied, the Court also **DENIES** Plaintiff's request for costs, expenses, and attorney's fees. *See* Doc. 5, Pl.'s Mot., 1.

_[signature]_

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE