UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATOYA K. PORTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0999-B |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Latoya Porter's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 23). For the reasons set forth below, the Court **GRANTS** the motion and **REMANDS** this case to the 14th Judicial District Court of Dallas County, Texas.

### I.

### BACKGROUND[1]

This is an employment discrimination case brought by Plaintiff Latoya Porter ("Porter") against Defendant City of Dallas ("the City") concerning a series of the City's actions that Porter alleges were "motivated by retaliatory/discriminatory intent." Doc. 19, Second Am. Compl., ¶ 5. Specifically, this case concerns the termination of Porter's employment with the Dallas Police Department ("the DPD"). *See generally id.* Porter initially brought this action against the City and the DPD in Texas state court on October 25, 2019. *See generally* Doc. 1-3, Original Pet. On its face, Porter's "state court petition made no reference to federal claims[.]" Doc. 23, Pl.'s Mot., 2; *see*

---

[1] The Court derives the factual background from the parties' briefing on Porter's motion to remand (Doc. 23) and the docket.

*generally* Doc. 1-3. Original Pet.; Doc. 1-26, Am. Pet. However, the City removed the case to this Court "on April 22, 2020, after obtaining interrogatory responses referencing federal claims." Doc. 23, Pl.'s Mot., 2; *see generally* Doc. 1, Notice of Removal. In the time since the case was removed, this Court has issued some standard case-management orders, including a status report order (Doc. 8), scheduling order (Doc. 10), and mediation order (Doc. 12). The Court also issued a four-page memorandum opinion and order denying Porter's motion to remand, which was brought on procedural grounds (timeliness). Doc. 7, Mem. Op. & Order, 2–3.

On November 25, 2020, the DPD filed a motion for judgment on the pleadings, invoking sovereign immunity. Doc. 13, DPD's Mot., 3–4. Porter never responded to DPD's motion due to an illness that abruptly forced Porter's counsel to retire from the practice of law. *See* Doc. 15, Pl.'s Mot. to Withdraw & Substitute Counsel, 1; Doc. 23, Pl.'s Mot., 2. After Porter obtained new counsel, and with leave of the Court and Defendants, Porter filed a Second Amended Complaint (Doc. 19). Porter's Second Amended Complaint dismissed the DPD as a party and removed any federal claims, asserting only claims under the Texas Commission on Human Rights Act. *See generally* Doc. 19, Second Am. Compl. This rendered the DPD's motion for judgment on the pleadings moot. Doc. 20, Elec. Order.

On April 2, 2021, Porter filed this motion to remand for lack of subject matter jurisdiction. *See generally* Doc. 23, Pl.'s Mot. The City filed its response (Doc. 33) on April 28, 2021, and Porter filed a reply (Doc. 35) in support of her motion on May 12, 2021. Porter's motion is ripe for review.

## II.

## LEGAL STANDARD

"District courts enjoy wide discretion in determining whether to retain supplemental

jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). In determining whether to maintain jurisdiction over the remaining state claims, "courts should exercise their discretion in a way that best serves the principles of economy, convenience, fairness, and comity." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (per curiam) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). The Court must also consider the statutory factors set forth in 28 U.S.C. § 1367(c), namely, "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citations omitted). In the usual case, once all federal claims have been dismissed from an action, these factors counsel in favor of remanding the remaining state-law claims. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citation omitted)).

## III.

## ANALYSIS

After considering the common-law and statutory factors, the Court finds that remand is proper in this case.

*A.   Common-Law Factors*

In deciding whether to maintain jurisdiction over remaining state claims in this case, the Court first considers the four common-law factors set forth in the Supreme Court's decision in *Carnegie-Mellon*: (1) judicial economy, (2) convenience, (3) fairness, and (4) comity. 484 U.S. at

357; *see Enochs*, 641 F.3d at 159. These factors favor remanding this case.

1. Judicial economy

"Judicial economy favors remand when 'at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state-law claims (or to any claims).'" *Marshall v. MarOpCo, Inc.*, 223 F. Supp. 3d 562, 572 (N.D. Tex. 2017) (quoting *Enochs*, 641 F.3d at 159).

The City argues that judicial economy weighs against remand because the "parties agreed on a mediator, submitted joint status reports, engaged in motion practice and discovery, and this Court has issued multiple orders . . . ." Doc. 33, Def.'s Resp., 9. The City further argues this case is akin to *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008)—wherein the Fifth Circuit held that judicial economy favored maintaining jurisdiction over remaining state-law claims—because "the present case has been pending before this Court for a year." Doc. 33, Def.'s Resp., 9. However, the City appears to disregard that while the Fifth Circuit noted that the case "had been pending for well over a year," it also based its holding on the facts that "the discovery deadline had passed, . . . the parties had fully briefed [a] motion for summary judgment[,] . . . [and] [t]he trial court ha[d] 'substantial familiarity with the merits of the case[.]'" *Mendoza*, 532 F.3d 347 (quoting *Parker*, 972 F.2d at 587). Due to the combination of these facts, the Fifth Circuit found "it was reasonable to conclude that 'further proceedings in the district court would prevent redundancy and conserve scarce judicial resources.'" *Id.* (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 228 (5th Cir. 1999)).

Though the present case has been pending in federal court for over a year, the Court agrees with Porter that "this case is still at an early stage," as all the activity that has taken place has been "procedural rather than substantive." Doc. 23, Pl.'s Mot., 2. This Court is not "intimately familiar"

with the merits of the case, as it has not had an occasion to consider the claims or defenses of the parties. *See Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 544 F.3d 602–03 (5th Cir. 2009)). The discovery deadline has not yet passed, and the Court has not involved itself with discovery issues. *See* Doc. 27, Am. Scheduling Order. "[H]ardly any federal judicial resources . . . ha[ve] been devoted to the Court's consideration of" Porter's claims, *see Marshall*, 223 F. Supp. 3d at 572, and there is no reason to conclude that "further proceedings in the district court would prevent redundancy and conserve scarce judicial resources." *Mendoza*, 532 F.3d at 347 (quoting *Batiste*, 179 F.3d at 227). Thus, the Court finds that this factor favors remand.

    2.    <u>Convenience</u>

The convenience factor in this case is neutral, as neither forum is meaningfully more convenient than the other. In considering convenience, the Fifth Circuit contemplates the relative locations of the parties, witnesses, and evidence to the forums. *See Enochs*, 641 F.3d at 160. And as Porter points out, the "federal and state courts are . . . located within a few blocks of one another in downtown Dallas." Doc. 23, Pl.'s Mot., 4. Thus, in regard to location, there is no difference in convenience. Insofar as the City argues that remand would be inconvenient because "discovery is underway, a scheduling order is in place, and trial is scheduled," Doc. 33, Def.'s Resp., 9, the Court finds that such inconvenience is trivial. Indeed, "remand would not . . . cause[] any financial inconvenience to the parties because they [will] not have . . . to duplicate any of their previous efforts or expenses" beyond the negligible task of rescheduling. *Enochs*, 641 F.3d at 160. Accordingly, the Court finds that any difference in convenience between federal and state court is insignificant and that this factor is neutral.

3.     Fairness

In considering fairness, the City argues that "[r]emand may open the door for [Porter] to reassert federal claims, leaving no removal available to the City." Doc. 33, Def.'s Resp., 10. It adds that "[r]emand would further delay a trial on the merits, as the Dallas County district courts are already facing a backlog in jury trials due to the COVID-19 pandemic" and that the City has already "dedicated significant resources to pursuing its defense in federal court." *Id.* Despite the City's concerns, however, it is "certainly fair to have . . . purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would [be] prejudiced by a remand to Texas state court." *Enochs*, 641 F.3d at 160 (citation omitted).

The City's allegations of unfairness are unavailing. As discussed, this case is at an early stage, and the Court is thus skeptical of the City's assertion that it has "dedicated significant resources to pursuing its defense in federal court." Doc. 33, Def.'s Resp., 10. Nonetheless, as also discussed, the majority of the City's alleged expenses will not have to be duplicated, and remand will therefore not entail any unfairness in that regard. And the Court does not find that any "backlog" due to the ongoing COVID-19 pandemic renders remand unfair here. *See id.* Finally, insofar as the City raises concerns about Porter's reassertion of her federal claims, the Court finds these concerns unfounded. Indeed, as Porter points out, the City "seems to overlook the doctrine of judicial estoppel entirely[.]" Doc. 35, Pl.'s Reply, 2; *see Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) ("The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding."). And to bolster the point, Porter "expressly disavows here and now" the possibility of reasserting her federal claims. *Id.* This Court is accepting as true Porter's express disavowal of that

possibility and relying upon it in reaching its decision to remand this case. *See Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (listing the elements of judicial estoppel: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently"). Accordingly, the Court finds that remanding this case would be fair to the parties. Because "it [is] certainly fair to have . . . the purely Texas state law claims heard in Texas state court[,]" *Enochs*, 641 F.3d at 160, and no other unfairness is apparent, this factor favors remand.

### 4. Comity

Comity heavily favors remand in this case. "[C]omity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Enochs*, 641 F.3d at 160 (quoting *Parker*, 972 F.2d at 588–89). The Supreme Court has explained that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Id.* As Porter points out, "[t]here is no reason here for this Court to expend resources deciding cases involving solely state-law claims, and solely local parties, on solely the basis of its discretionary, supplemental jurisdiction." Doc. 35, Pl.'s Reply, 3. A decision on the merits in this case would constitute a "[n]eedless decision[] of state law" that "should be avoided . . . as a matter of comity[.]" *Gibbs*, 383 U.S. at 726. Accordingly, this factor heavily favors remand.

B.  *Statutory Factors*

In addition to the common-law factors, the Court considers the four statutory factors set forth

in § 1367(c). *Mendoza*, 532 F.3d at 346. The statute authorizes the Court to "decline to exercise supplemental jurisdiction over" a state law claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c). The first and fourth factors do not apply to this case. However, the second and third factors favor remand.

### 1. Novelty or complexity of state-law claims

"The Fifth Circuit has determined that a Texas state-law claim is novel when there is no guidance from the Supreme Court of Texas." *Inge v. Walker*, 2016 WL 4920288, at *6 (N.D. Tex. Sept. 15, 2016) (citing *Enochs*, 641 F.3d at 159). In this case, there are multiple Texas Supreme Court cases addressing the same claims that Porter brings under the Texas Commission on Human Rights Act. *See, e.g.*, *Alamo Heights Ind. Sch. Dist. v. Clark*, 544 S.W.3d 755 (Tex. 2018); *San Antonio Water Sys. v. Nicolas*, 461 S.W.3d 131 (Tex. 2015); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500 (Tex. 2012). Thus, Porter's state-law claims are not novel, and this factor does not apply to this case.

### 2. Predominance of the state-law claims

There is no question that state-law claims predominate in this case, as there are no federal claims remaining. *See Enochs*, 641 F.3d at 159. This factor thus weighs in favor of remand.

### 3. Pendency of claims over which the Court has original jurisdiction

The third factor also weighs in favor of remand. The Supreme Court has held that "[w]hen

- 8 -

the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*, 484 U.S. at 351. Here, the Court has not yet considered the claims in this case, and there are no federal-law claims remaining.

The City acknowledges that "the remaining claim in this suit is a state law claim" over which the Court lacks original jurisdiction, but asserts that "this fact does not obligate this Court to remand the case." Doc. 33, Def.'s Resp., 6. Instead, the City presumes that Porter "dropped all federal claims in order to seek remand," Doc. 33, Def.'s Resp., 6, and implies that this act constitutes a form of forum manipulation. *See id.* The Court does not necessarily adopt the City's suggestion. *See Brewster v. Nationstar Mortg.*, LLC, —F. Supp. 2d—, 2013 WL 6501261, at *8 (N.D. Tex. Dec. 10, 2013) ("[T]he Fifth Circuit has found that the act of amending a complaint to eliminate a federal claim is not an egregious form of forum manipulation, if it is even manipulation at all." (citing *Enochs*, 641 F.3d at 160)). Nonetheless, even if there was some forum manipulation, it must be "so improper as to nullify all of the remaining factors which weigh heavily in favor of remand." *Id.* This Court does not find that this conduct is "a particularly egregious form of forum manipulation" such that remand would be improper. *See Enochs*, 641 F.3d at 160. Rather, the Court follows "[t]he general rule . . . that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookhaven Bros.*, 554 F.3d at 602. Accordingly, this factor favors remand.

4. Compelling reasons in exceptional circumstances

Finally, the Court agrees with Porter "that there is nothing truly exceptional about this case[.]" Doc. 35, Pl.'s Reply, 3. The City argues that "the inference that [Porter] may attempt to

reassert claims based in federal law" constitutes a "compelling reason[] for this Court to continue exercising jurisdiction over the present case." Doc. 33, Def.'s Resp., 6–7. However, as discussed, such an inference is inconsequential due to the doctrine of judicial estoppel. Moreover, the Court does not find that such an inference, even if true, constitutes a compelling reason for maintaining jurisdiction. *See* § 1367(c)(4). The fourth statutory factor is "only to be invoked in rare or unusual cases[.]" *Hawkins v. Coleman*, 2011 WL 4954621, at *1 (W.D. La. Oct. 17, 2011); *see Brewster*, —F. Supp. 2d—, 2013 WL 6501261, at *7 (finding § 1367(c)(4) inapplicable in a mortgage foreclosure case where federal-law claims were dismissed and remaining state-law claims were not novel or complex). This is not a rare or unusual case. Thus, this factor is inapplicable.

## IV.

## CONCLUSION

After consideration of the common-law and statutory factors, the Court finds that remand is proper in this case. Thus, this Court **GRANTS** Porter's motion to remand (Doc. 23) and **REMANDS** this case to the 14th Judicial District Court, Dallas County, Texas.

SO ORDERED.

SIGNED: June 3, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE